United States Courts
U.S. Federal Bldg & Courthouse
550 W Fort St, Box 039
Boise, ID 83724
PH: (208) 334-1361
FAX: (208) 334-9362



RECEIVED

2007 JUN -6 PM 4: 13

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST OF CA S.J.

Cameron S. Burke, Court Executive



June 4, 2007

United States District Court
District of Northern California
Clerk of Court
280 South 1st St.
San Jose, CA 95113

RE: USA v. Nnenna S. Price
Idaho case number: 1:00CR00074-001
Your case number: CR 07-00327-RMW

Dear Clerk of Court:

The Transfer of Jurisdiction Order was signed on 5/21/2007 and jurisdiction accepted by your judge.

Documents may be accessed through our CM/ECF system at www.id.uscourts.gov. If you do not have a Court PACER login and password, please contact me for assistance.

Please return a copy of this letter to me as a receipt. If I can be of further assistance, please let me know. I can be reached at (208) 334-9095.

Sincerely,
Cameron S. Burke

By:
Darlene Smith
Deputy Clerk

Enclosures
cc:   US Probation, Idaho
      AUSA, Idaho
      Financial Administrator, Idaho

ACKNOWLEDGMENT OF RECEIPT:

Received
by: Cita F. Escolano        Date: JUN 6 - 2007

| PROB 22 (Rev. 2/88) | | DOCKET NUMBER *(Tran. Court)* |
|---|---|---|
| | | Cr. 00-074-001-S-EJL |
| **TRANSFER OF JURISDICTION** | | DOCKET NUMBER *(Rec. Court)* |
| | | 5:07CR00327-01 RMW |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| Nnenna S. Price | Idaho | Boise |
| | NAME OF SENTENCING JUDGE | |
| | Honorable Edward J. Lodge | |
| | DATES OF SUPERVISED RELEASE | FROM April 18, 2007 | TO April 17, 2012 |

**OFFENSE**

18 § 1344   Bank Fraud

---

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE _____ DISTRICT OF ____IDAHO____

  IT IS HEREBY ORDERED that, pursuant to 18 U.S.C. 3605, the jurisdiction of the probationer or supervised releasee named above be transferred with the records of this Court to the United States District Court for the ____Northern District of California____ upon that Court's order of acceptance of jurisdiction. This Court hereby expressly consents that the period of probation or supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

4/25/07
*Date*

*/s/ Edward J. Lodge*
*United States District Judge*

*This sentence may be deleted in the discretion of the transferring Court.

---

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE ____NORTHERN____ DISTRICT OF ____CALIFORNIA____

  IT IS HEREBY ORDERED that jurisdiction over the above-named probationer/supervised releasee be accepted and assumed by this Court from and after the entry of this order.

5/21/07
*Effective Date*

*/s/ Ronald M. Whyte*
*United States District Judge*

※AO 245B (8/96) Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
District of Idaho

01 JAN 10 AM 10:55

UNITED STATES OF AMERICA

v.

NNENNA S. PRICE

REC'D
CAMERON S. BURKE
CLERK, IDAHO

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)

Case Number: Cr.00-074-001-S-EJL

Mr. S. Richard Rubin
Defendant's Attorney

**THE DEFENDANT:**

X  pleaded guilty to count(s)  1 of a Single-Count Superseding Indictment

☐  pleaded nolo contendere to count(s) _____
    which was accepted by the court.

☐  was found guilty on count(s) _____
    after a plea of not guilty.

| **Title & Section** | **Nature of Offense** | **Date Concluded** | **Count Number(s)** |
|---|---|---|---|
| 18 USC 1344 | Bank Fraud | 10.27.98 | 1 |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count(s) _____

☐  Count(s) _____  ☐ is  ☐ are  dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec.: ████
Defendant's Date of birth: ████
Defendant's USM No.: 09629-023
Defendant's Residence Address:
Douglas State Prison
Post Office Drawer 3867
Douglas, Arizona 85608-3867

Defendant's Mailing Address:
Same as above

January 8, 2001
Date of Imposition of Judgment

*[signature]*
Signature of Judicial Officer

Edward J. Lodge, U.S. District Judge
Name and Title of Judicial Officer

January 10, 2001
Date

27

AO 245B    (8/96) Sheet 2—Imprisonment

Judgment — Page 2 of 7

DEFENDANT:       Nnenna S. Price
CASE NUMBER:  Cr. 00-074-001-S-EJL

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total total term of ___16 Months___ .

X    The court makes the following recommendations to the Bureau of Prisons:
The Court recommended designation to Douglas State Prison, Douglas, Arizona, so this sentence can be served concurrently with the sentence defendant is presently serving in docket numbers CR 99-09730 and CR 99-10122C, imposed at Maricopa County, Arizona Superior Court.

X    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the designated institution or to the United States Marshal for this district:

    ☐    at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐    as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐    before 2 p.m. on _____ .

    ☐    as notified by the United States Marshal.

    ☐    as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
             Deputy U.S. Marshal

AO 245B    (8/96) Sheet 3—Supervised Release

Judgment—Page 3 of 7

DEFENDANT: Nnenna S. Price
CASE NUMBER: Cr. 00-074-001-S-EJL

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of    5 years

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

    ☐   The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

X   The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

    The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (6/99) Judgment in a Criminal Case
           Sheet 3 — Continued 2 — Supervised Release

Judgment—Page __4__ of __7__

DEFENDANT:      Nnenna S. Price
CASE NUMBER:    Cr. 00-074-001-S-EJL

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall participate in a program of drug/alcohol aftercare, in addition to the urine testing in accordance with 18 USC 3583(d) as directed by the probation officer. Cost of the treatment and testing to be paid by the defendant and the government based upon the defendant's ability to pay.

The defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer. Cost of the treatment and testing to be paid by the defendant and the government based upon the defendant's ability to pay.

The defendant shall submit to a search of his home, vehicle, and/or person upon demand of the probation officer, without necessity of a warrant.

The defendant shall provide probation with access to any and all requested financial information.

The defendant shall not incur any new credit charges nor open additional lines of credit without the approval of the probation officer.

The defendant shall perform 100 hours of community service at the direction of the probation officer in lieu of a fine..

AO 245B   (8/96) Sheet 5, Part A—Criminal Monetary Penalties

Judgment — Page  5  of  7

DEFENDANT:      Nnenna S. Price
CASE NUMBER:    Cr. 00-074-001-S-EJL

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on on Sheet 5, Part B.

|         | Assessment | Fine | Restitution |
|---------|------------|------|-------------|
| Totals: | $ 100.00   | $    | $ 6,419.60  |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . . . . . . .   $ _____

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $   $_____.

The defendant shall pay interest on any fine more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

X   The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

   X   The interest requirement is waived.

   ☐   The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred until _____ . An Amended Judgment in a Criminal Case will be entered after such determination.

☐ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | *Total Amount of Restitution | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Clerk of the U.S. District Court<br>550 W. Fort Street, MSC 039<br>Boise, Idaho | 6,419.60 | 6,419.60 | 100% |
| **Totals:** | $ 6,419.60 | $ 6,419.60 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B    (8/96) Sheet 5, Part B—Criminal Monetary Penalties

Judgment — Page  6  of  7

DEFENDANT:        Nnenna S. Price
CASE NUMBER:   Cr. 00-074-001-S-EJL

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

X    At a monthly rate to be established by the probation officer.

☐    $ _____ immediately, balance due (in accordance with C, D, or E); or

☐    not later than _____ ; or

☐    in installments to commence _____ days after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

☐    in _____ (*e.g., equal, weekly, monthly, quarterly*) installments of $ _____ over a period of _____ year(s) to commence _____ days after the date of this judgment.

The defendant will be credited for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

Payments are to be made to the Clerk, U.S. District Court, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, and mailed to: Clerk, U.S. District Court, District of Idaho, 550 West Fort Street, MSC 039, Boise, Idaho 83724.

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.

AO 245B    (8/96) Sheet 6—Statement of Reasons

Judgment — Page   7   of   7

DEFENDANT:        Nnenna S. Price
CASE NUMBER:      Cr. 00-074-001-S-EJL

## STATEMENT OF REASONS

☐ The court adopts the factual findings and guideline application in the presentence report.

**OR**

X The court adopts the factual finding and guideline application in the presentence report except (see attachment, if necessary):
The Criminal History Category is IV rather than V because two of the convictions are related cases.

**Guideline Range Determined by the Court:**

Total Offense Level:      8

Criminal History Category:    IV

Imprisonment Range:    10   to   16   months

Supervised Release Range:   3   to   5   years

Fine Range: $ 1,000.00   to $ 1,000,000.00

X Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $  6,419.60

☐ Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

☐ For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered for the following reason(s):

X The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

**OR**

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reasons:

**OR**

☐ The sentence departs from the guideline range:

☐ upon motion of the government, as a result of defendant's substantial assistance.

☐ for the following specific reason(s):

# CRIMINAL COVERSHEET

**DEFENDANT'S NAME:** DANIEL PROPHET

**DEFENDANT'S STREET ADDRESS:** (Father's Home) 3925 Marten Avenue San Jose, CA

Phone: (408) 274-5496
**DEFENSE ATTORNEY:**
Address

Telephone No.:
**INVESTIGATING AGENCY & AGENT:** Michael McLennan
FBI
(208) 344-7843

**Juvenile:** No

**Service Type:** Warrant

**Interpreter:** No
If yes, language:

**CASE INFORMATION:** (List any miscellaneous, magistrate, CVB or other related defendants/case numbers.)

## CRIMINAL CHARGING INFORMATION

| Complaint | Yes Indictment | Information | ___ Superseding Indictment |
|---|---|---|---|
| Yes Felony Offense) | ___ Class A Misdemeanor | | ___ Class B or C Misdemeanor (Petty |
| County of Offense: Ada | | Estimated Trial Time: 3 days | |

| TITLE/SECTION | COUNTS | BRIEF DESCRIPTION | PENALTIES (Include Supervised Release and Special Assessments) |
|---|---|---|---|
| **18 USC 1344 and 2** | 1-9 | **Bank fraud and Aiding and Abetting** | *30 years imprisonment; a Fine of $1 million; 5 years supervised release, $100 special assessment* |

Date: May 26, 2000

AUSA: WENDY J. OLSON
Telephone No.: (208) 334-1211

U. S. COURTS

JUN 8 2000

REC'D _____ FILED _____
          . BURNS
CLERK  IDAHO

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO

UNITED STATES OF AMERICA,           )   Criminal No. CR-00-074-S EJL
                                    )
                Plaintiff,          )   INDICTMENT
                                    )
vs.                                 )   Violations 18 U.S.C. §1344,
                                    )   and § 2
NNENNA PRICE, DANIEL PROPHET,       )
                                    )
                Defendants.         )

THE GRAND JURY CHARGES:

### COUNTS ONE-NINE
(Vio. 18 U.S.C. §§1344, 2)

1. That at all times relevant to this Indictment, Wells Fargo Bank was a financial institution with deposits insured by the Federal Deposit Insurance Company.

2. That at all times relevant to this Indictment, neither defendant NNENNA PRICE nor defendant DANIEL PROPHET was employed by Rutherford Bolen Group or Protec, Inc., and neither defendant NNENNA PRICE nor defendant DANIEL PROPHET was authorized to cash any checks issued by these companies.

3. Beginning on or about October 23, 1998, and continuing to on or about October 27, 1998, the defendants, NNENNA PRICE and DANIEL PROPHET, aiding and abetting one another, knowingly executed a scheme or artifice to defraud Wells Fargo Bank and to obtain moneys, funds, credits, assets, securities and other property owned by or under the control of Wells Fargo Bank by means of false and fraudulent pretenses, representations and promises.

INDICTMENT                                 1

4. It was part of the scheme and artifice to defraud and to obtain moneys, funds, credits, assets, securities and other property owned by or under the control of Wells Fargo Bank by means of false and fraudulent pretenses, representations and promises that the defendants would and did:

(A) travel to the state of Idaho from the state of California with counterfeit or stolen business checks for the Rutherford Bolen Group and Protec, Inc. that were issued on accounts at Wells Fargo Bank;

(B) obtain state of Idaho identification cards; and

(C) cash the checks at various Wells Fargo Bank branches in Boise, Idaho, using their newly obtained state identification cards.

5. Between on or about October 23, 1998, and October 27, 1998, within the District of Idaho, the defendants, NNENNA PRICE and DANIEL PROPHET, aiding and abetting one another, knowingly executed the scheme as set forth in paragraph 4 above in that they presented the following counterfeit checks in the following amounts at the following Wells Fargo Bank branches:

| Count | Date Uttered | Company | Amount | Check No. | Branch |
|---|---|---|---|---|---|
| 1. | 10/23/98 | Rutherford Bolen Group | $ 968.22 | 7055 | Fairview Cole |
| 2. | 10/23/98 | Rutherford Bolen Group | 1,668.22 | 7057 | Vista |
| 3. | 10/23/98 | Rutherford Bolen Group | 943.67 | 7025 | Vista |
| 4. | 10/23/98 | Rutherford Bolen Group | 1,543.67 | 7021 | Collister |
| 5. | 10/26/98 | Rutherford Bolen Group | 1,589.22 | 7091 | Meridian |
| 6. | 10/26/98 | Rutherford Bolen Group | 968.22 | 7056 | Nampa |
| 7. | 10/26/98 | Rutherford Bolen Group | 972.06 | 7059 | Boise, Main |
| 8. | 10/26/98 | Rutherford Bolen Group | 943.67 | 7022 | Boise, Main |
| 9. | 10/27/98 | Protec | 1842.88 | 3730 | Collister |
|  | TOTAL |  | $11,439.83 |  |  |

INDICTMENT                                           2

1   All in violation of Title 18, United States Code, Section 1344 and 2.

2   DATED the _____ day of June 2000.

3                                         _____
4                                         Grand Jury Foreman

5

6   BETTY H. RICHARDSON
    UNITED STATES ATTORNEY
7

8   _____
9   WENDY J. OLSON

28  INDICTMENT                          3

TERMED

## U.S. District Court
### District of Idaho (LIVE Database)Version 3.0.4 (Boise)
### CRIMINAL DOCKET FOR CASE #: 1:00-cr-00074-FVS-1

Case title: USA v. Price, et al                    Date Filed: 06/08/2000
                                                   Date Terminated: 01/08/2001

Assigned to: Honorable Fred L. Van Sickle

**Defendant**

**Nnenna Price** (1)                represented by    **Fredilyn Sison**
*TERMINATED: 01/08/2001*                              FEDERAL DEFENDER'S OFFICE
*also known as*                                       350 N 9th St #301
Ewanna                                                Boise, ID 83702
                                                      (208) 388-1600
                                                      Fax: 1-208-388-1757
                                                      *TERMINATED: 01/08/2001*
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*
                                                      *Designation: Public Defender or
                                                      Community Defender Appointment*

**Pending Counts**                                    **Disposition**

                                                      16 mons imprisonment on count named
                                                      in Superseding Information, to be
                                                      served concurrently with state sentence
18:1344 and 2 -- BANK FRAUD                           in Arizona; 5 yrs supervised release;
(1s)                                                  100 hours community service;
                                                      $6,419.60 restitution; $100 special
                                                      assessment

**Highest Offense Level (Opening)**

Felony

**Terminated Counts**                                 **Disposition**

18:1344 & 2 -- BANK FRAUD                             Def pled guilty to Superseding
(1-9)                                                 Information

**Highest Offense Level (Terminated)**

Felony

**Complaints**

None

**Disposition**

**Plaintiff**

USA represented by **Amy S Howe**
US ATTORNEY'S OFFICE
WA Group Plaza IV 800 Park Blvd
#600
Boise, ID 83712
(208) 334-1211
Email: amy.howe@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Wendy Olson**
US ATTORNEY'S OFFICE
MK Plaza, Plaza IV
800 Park Blvd #600
Boise, ID 83712
(208) 334-1211
Email: Wendy.Olson@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/08/2000 | 1 | INDICTMENT by USA (sb) |
| 06/08/2000 |   | ARREST Warrant issued for Nnenna Price, Daniel Prophet (sb) |
| 08/17/2000 | 4 | MINUTES before Magistrate Larry M. Boyle dft Price arraigned; Not Guilty plea entered; Federal Defender Fredilyn Sison appted , pretrial conference set for 2:00 PM, on 10/13/00; jury trial set for 9:30 AM, on 10/24/00 , Def Price ordered detained (sb) (Entered: 08/21/2000) |
| 08/17/2000 | 5 | ORDER by Magistrate Larry M. Boyle as to Nnenna Price appointing Federal Defender as atty (cc:all parties) (sb) (Entered: 08/21/2000) |
| 08/17/2000 | 6 | WAIVER of Detention Hearing and ORDER of Detention by Magistrate Larry M. Boyle as to Nnenna Price (cc: all parties) (sb) (Entered: 08/21/2000) |
| 08/17/2000 | 7 | PROCEDURAL ORDER as to Nnenna Price by Magistrate Larry M. Boyle (cc: all parties) (sb) (Entered: 08/21/2000) |
| 08/17/2000 |   | ARREST of defendant Nnenna Price on 8/17/00 (sb) (Entered: 08/23/2000) |
| 08/18/2000 | 8 | ARREST Warrant returned executed as to Nnenna Price on 8/17/00 (sb) (Entered: 08/23/2000) |

| | | |
|---|---|---|
| 08/31/2000 | 13 | AMENDED ARRAIGNMENT MINUTES re Def. Price [10-5] (sb) |
| 10/13/2000 | 15 | SUPERSEDING INFORMATION (sb) (Entered: 10/16/2000) |
| 10/13/2000 | 16 | MINUTES before Honorable Edward J. Lodge def Price waived indictment and entered guilty plea to superseding information , Plea Agreement taken under advisement , Sentencing hearing set for 10:00 AM, on 1/8/01 (sb) (Entered: 10/16/2000) |
| 10/13/2000 | 17 | WAIVER of Indictment by defendant Nnenna Price (sb) (Entered: 10/16/2000) |
| 10/13/2000 | 18 | PLEA Agreement as to Nnenna Price (sb) (Entered: 10/16/2000) |
| 12/06/2000 | 22 | STATEMENT by Def Price of No Objections to the Presentence Investigation Report (sb) (Entered: 12/08/2000) |
| 12/06/2000 | 23 | MOTION by Def Price for downward departure (sb) (Entered: 12/08/2000) |
| 12/13/2000 | 24 | ORDER by Honorable Edward J. Lodge sentencing hearing reset for 8:30 AM, on 2/20/01 for Def Prophet (cc: all parties) (sb) (Entered: 12/14/2000) |
| 12/21/2000 | 25 | RESPONSE by USA to Def Price's motion for downward departure [23-1] (sb) (Entered: 12/22/2000) |
| 01/08/2001 | 26 | MINUTES before Honorable Edward J. Lodge Def Price sentenced to 16 mons imprisonment on count named in Superseding Information, to be served concurrently with state sentence in Arizona; 5 yrs supervised release; 100 hours community service; $6,419.60 restitution; $100 special assessment; statistically terminating dft(s) Nnenna Price (sb) (Entered: 01/09/2001) |
| 01/10/2001 | 27 | JUDGMENT as to Nnenna Price by Honorable Edward J. Lodge (cc: all parties) (JUDGMENT SCANNED) (sb) |
| 02/02/2001 | 28 | NOTICE of hearing on sentencing hearing vacated ; sentencing to be reset before Judge Van Sickle (cc: all parties) (sb) (Entered: 02/06/2001) |
| 02/05/2001 | 29 | ORDER by Honorable Edward J. Lodge case reassigned to Honorable Fred L. Van Sickle (cc: all parties) (sb) (Entered: 02/08/2001) |
| 04/10/2007 | 34 | NOTICE OF ATTORNEY APPEARANCE Amy S Howe appearing for USA. (Notice sent to USM) (Howe, Amy) |
| 04/11/2007 | 35 | Application for Writ of Continuing Garnishment by USA as to Nnenna Price (Attachments: # (1) Clerk's Notice and Instructions to Debtor of Post-Judgment Garnishment# (2) Writ of Continuing Garnishment# (3) Request for Hearing and Claim of Exemptions)(Howe, Amy) |
| 04/11/2007 | 36 | NOTICE *PLAINTIFF'S INSTRUCTIONS TO THE GARNISHEE* by USA as to Nnenna Price (Howe, Amy) |
| 04/11/2007 | 37 | NOTICE *PLAINTIFF'S NOTICE OF GARNISHMENT AND* |

|  |  |  |
|---|---|---|
|  |  | *INSTRUCTIONS TO DEBTOR* by USA as to Nnenna Price (Howe, Amy) |
| 04/12/2007 |  | Clerk's Certificate of Service re [35] Writ of Continuing Garnishment and Clerk's Notice and Instructions to Debtor issued on 4/12/2007 as to Nnenna Price (jlg, ) |
| 04/23/2007 | 38 | Certificate of Service by USA as to Nnenna Price (Howe, Amy) |
| 05/11/2007 | 39 | NOTICE of answer by Garnishee, Costco Wholesale Corp. as to Nnenna Price (Attachments (1) Sealed Letter from Costco (dks, ) |
| 05/31/2007 | 40 | Certificate of Service by USA as to Nnenna Price (Howe, Amy) |
| 05/31/2007 | 41 | Certificate of Service by USA as to Nnenna Price (Howe, Amy) |
| 05/31/2007 | 42 | MOTION for Order for Writ of Continuing Garnishment by USA as to Nnenna Price. (Howe, Amy) |
| 05/31/2007 | 43 | AFFIDAVIT of AMY S. HOWE by USA as to Nnenna Price (Notice sent to USP) (Howe, Amy) |
| 05/31/2007 | 44 | Certificate of Service by USA as to Nnenna Price re 42 MOTION for Order for Writ of Continuing Garnishment, 43 Affidavit (Howe, Amy) |
| 05/31/2007 | 45 | GARNHISMENT ORDER granting 42Motion for Order for Writ of Continuing Garnishment as to Nnenna Price (1). Signed by Judge Edward J. Lodge. (Copy mailed to Costco Wholesale Corp and dft Nnenna S. Price by dks) (caused to be mailed to non Registered Participants at the addresses listed on the Notice of Electronic Filing (NEF) by dks, ) |
| 05/31/2007 | 46 | Certificate of Service by USA as to Nnenna Price re 45 Order on Motion for Writ of Continuing Garnishment, *Garnishment Order* (Howe, Amy) |
| 06/04/2007 | 47 | Supervised Release Jurisdiction Transferred to Northern District of California Transmitted Transfer of Jurisdiction form. (Notice sent to USP) (dks, ) |
| 06/04/2007 | 48 | LETTER of transfer to Northern California as to Nnenna Price (dks, ) |

| PACER Service Center |||
|---|---|---|
| Transaction Receipt |||
| 06/07/2007 10:02:45 |||
| **PACER Login:** | us4077 | **Client Code:** |
| **Description:** | Docket Report | **Search Criteria:** | 1:00-cr-00074-FVS |
| **Billable Pages:** | 2 | **Cost:** | 0.16 |

1  [List of Counsel Appears on Last Page]

2
3
4
5
6
7
8

9                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF CALIFORNIA
10

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, a California corporation,<br><br>Plaintiff/Counterclaim Defendant,<br><br>v.<br><br>MICRO THERAPEUTICS, INC., a Delaware corporation, DENDRON GmbH, a German corporation, and ev3 INC., a Delaware corporation,<br><br>Defendants/Counterclaim and Third Party Plaintiffs,<br><br>v.<br><br>BOSTON SCIENTIFIC CORPORATION, a Delaware corporation, and TARGET THERAPEUTICS, INC., a Delaware corporation,<br><br>Third Party Defendants. | Case No: C 03 05669 (JW)<br><br>**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF THE REGENTS OF THE UNIVERSITY OF CALIFORNIA'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF INFRINGEMENT AND NOTICE OF CROSS-MOTION AND CROSS-MOTION FOR PARTIAL SUMMARY JUDGMENT OF NON-INFRINGEMENT**<br><br>Date:  June 5, 2007 (Hearing on Plaintiff's Motion Re Infringement)<br>June 25, 2007 (Currently scheduled date for MTI's Cross-Motion Re Non-Infringement; June 5, 2007 hearing date requested)<br>Time: 9:00 a.m.<br>Place: Courtroom of the Honorable James Ware<br><br>Trial:  October 16, 2007 |