FILED 

# United States District Court
## Northern District of California

NOV - 2 2007



| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>NNENNA S. PRICE | **JUDGMENT IN A CRIMINAL CASE**<br>(For **Revocation** of Probation or Supervised Release)<br>(For Offenses Committed On or After November 1, 1987)<br><br>USDC Case Number: CR-07-00327-001 RMW<br><br>BOP Case Number: DCAN507-CR000327-001<br><br>USM Number: 092629-023<br><br>Defendant's Attorney: Nick Humy, AFPD |

**THE DEFENDANT:**

[x] admitted guilt to violation of Condition <u>One (1)</u> of the term of supervision.
[ ] was found in violation of condition(s) ___ after denial of guilt.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offense:

| Violation Number | Nature of Violation | Date Violation Occurred |
|---|---|---|
| 1 | The defendant failed to report to the U.S. Probation Office, nor has he availed himself to supervision. | August 2002 |

The defendant is sentenced as provided in pages 2 through <u>3</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[x] The defendant has not violated Condition(s) <u>Two (2), Three (3), Four (4) and Five (5)</u> and is discharged as to such violation(s) condition.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

AO 245D (Rev. 9/00) - Judgment in a Criminal Case for Revocation

October 15, 2007
Date of Imposition of Judgment

*/s/ Ronald M. Whyte*
Signature of Judicial Officer

Honorable Ronald M. Whyte, U. S. District Judge
Name & Title of Judicial Officer

11/2/07
Date

AO 245B (Rev. 12/03) Judgment in a Criminal Case Sheet 3 - Supervised Release

| | | |
|---|---|---|
| DEFENDANT: | NNENNA S. PRICE | Judgment - Page 3 of 3 |
| CASE NUMBER: | CR-07-00327-001 RMW | |

## SUPERVISED RELEASE

    The Court revoked the defendant's supervised release and reinstated supervised release for a period of 4 years. The term of supervised release to run from July 19, 2007 and conclude on July 19, 2011. The conditions of supervised release are those stated in the original judgment and commitment order filed January 8, 2001, by the United States District Court for th District of Idaho.

The defendant shall not commit another federal, state or local crime.

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions in this judgment.

## STANDARD CONDITIONS

1) The defendant shall not leave the judicial district without permission of the court or probation officer;
2) The defendant shall report to the probation officer, and shall submit a truthful and complete written report within the first five days of each month;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) The defendant shall support his or her dependants and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.